UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruni Media, LLC, Samuel
Bruni, and Jenny Bruni,

Civ. No. 19-162 (PAM/SER)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

AAPM Media Group, LLC,
d/b/a Click Media, Laureen
Carlsen, Stacia Goodman, Len
Goodman, Dede Antonelli, and
Does 1 to 20,

Defendants.

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiffs Bruni Media, LLC, and its two members, Samuel and Jenny Bruni, brought this lawsuit in state court in Orange County, California, alleging fraud, unfair trade practices, and other claims arising out of Bruni Media's purchase of a company called Click Media. Defendant AAPM Media Group, LLC, does business as Click Media. The individual Defendants—Laureen Carlsen, Stacia Goodman, Len Goodman, and Dede Antonelli—were involved in the purchase negotiations. All individual Defendants are citizens of Minnesota, and Laureen Carlsen and Dede Antonelli are the only members of AAPM, making AAPM also a citizen of Minnesota. Samuel and Jenny Bruni are residents of California, and thus Bruni Media is also a citizen of California.

Defendants removed the action to the United States District Court for the Central District of California, and then moved to transfer or dismiss for lack of personal jurisdiction. (Docket No. 13.) The California court found that California lacked personal jurisdiction over Defendants and transferred the case to Minnesota. (Docket No. 23.) Plaintiffs now move to remand to Minnesota state court, contending that the Court lacks subject-matter jurisdiction. At the hearing, Plaintiffs conceded that remand is unavailable because the case did not originate in Minnesota state court, and instead asked that the Court dismiss the matter without prejudice to allow Plaintiffs to file it in Minnesota state court.

**DISCUSSION**

Plaintiffs argue that the forum-defendant rule, which provides that a case may not be removed to the federal court where even one defendant resides, deprives this Court of subject-matter jurisdiction. 28 U.S.C. § 1441(b)(2); see also Ally Bank v. Finstad, No. 18cv1920, 2018 WL 6267656, at *2 (D. Minn. Nov. 30, 2018) (Tostrud, J.). Because this case is now in federal court in Minnesota, and all Defendants are citizens of Minnesota, Plaintiffs contend that the Court is without jurisdiction.

Defendants counter that the forum-defendant rule applies only as of the time of removal. Plaintiffs filed this case in California state court, and Defendants removed the case to the federal court for the Central District of California, which transferred the case to Minnesota on Defendants' motion. At the time of removal, the forum-defendant rule would not have deprived the California federal court of jurisdiction.

The forum-defendant rule provides that a defendant who "is a citizen of the State in which such action is brought" may not remove the case to the federal court in that state based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). As another Judge in this District recently explained, this rule means that "a defendant cannot remove to federal court if he is a citizen of the state where the action was originally filed." Finstad, 2018 WL 6267656, at *2. The Eighth Circuit Court of Appeals has similarly made this clear: "A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992).

Plaintiffs rely on Finstad to support their argument that the forum-defendant rule requires remand, but that case instead supports Defendants' position. In Finstad, a bank brought a collection action against Finstad, a resident of North Dakota, in North Dakota state court. Finstad, 2018 WL 6267656, at *1. Finstad removed the action to federal court and filed a third-party complaint against a Minnesota car dealer. Id. The car dealer moved to dismiss, claiming that North Dakota lacked personal jurisdiction over it. Id. Finstad did not respond to the motion to dismiss but moved to transfer venue of the case to the District of Minnesota. Id. The North Dakota court granted the motion to transfer venue and found that the motion to dismiss was moot. Id.

The Court found that the initial removal of the case to the District of North Dakota violated the forum-defendant rule. Id. at *3. Because a violation of the forum-defendant rule is a jurisdictional defect that may not be waived, see Hurt, 963 F.2d at 1146, the Court remanded the matter back to North Dakota state court. Finstad, 2018 WL 6267656, at *3.

3

In this case, unlike in Finstad, there was no violation of the forum-defendant rule at the time Defendants removed the case to the Central District of California. Thus, the forum-defendant rule does not apply, this Court has jurisdiction over the matter, and the Motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand (Docket No. 32) is **DENIED**.

Dated: May 21, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge